IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ERIC L. COLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:20CV197–HEH |
| | ) | |
| TONY L. DARDEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**
**(Granting Defendants' Motions for Summary Judgment)**

THIS MATTER is before the Court on Defendants' Motions for Summary Judgment. (ECF Nos. 25, 34.) Eric L. Coles, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. The matter is proceeding on Coles's Particularized Complaint ("Complaint," ECF No. 14).[1] Coles names the following individuals as Defendants: T. Darden, the Assistant Warden of Sussex II State Prison ("SIISP"); M. Foster, a unit manager at SIISP; Bently a Lieutenant at SIISP, and A. Critton, the former Grievance Coordinator at SIISP (collectively "Defendants"). (Compl. at 1.) Coles contends that he is entitled to relief upon the following grounds:

Claim 1    Defendants Darden, Foster, and Bently violated Coles's rights under the Eighth Amendment when they "unnecessarily sprayed him with O.C. gas, violently took him down to the ground & maliciously restrained his hands with metal cuffs. They also further aggravated his injuries by placing him in a hot shower to rinse the gas off his skin & placed him in another cell still in restraints for twenty hours." (ECF No. 14 at 2.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits the emphasis in quotations from the parties' submissions

Claim 2   Defendant Critton violated Coles's right to due process by withholding the response to his grievance which prevented him from pursuing an appeal. (*Id.* at 1–2.)

Defendants contend that Coles's claims should be dismissed because he failed to exhaust his administrative remedies. For the reasons set forth below, the Motions for Summary Judgment (ECF Nos. 25, 34) will be granted.

## I. Standard of Review

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*,

2

978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Defendants ask the Court to dismiss Coles's claims because Coles failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of their Motions for Summary Judgment[2], Defendants submit: (1) an affidavit from R. Langford, the Grievance Coordinator at SIISP (ECF No. 35-1, at 1–6); (2) a copy of Operating Procedure 866.1, Offender Grievance Procedure ("Operating Procedure § 866.1," ECF No. 35-1, at 7–20); and (3) copies of Informal Complaints and Grievances submitted by Coles (ECF No. 35-1, at 21–25).

---

[2] Although Defendants filed two separate Motions for Summary Judgment, they rely upon the same evidence in support of each motion. Accordingly, the Court simply cites to the evidence Defendant Critton attached to her later filed Motion for Summary Judgment.

3

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Coles failed to respond to the Motions for Summary Judgment, thereby failing to cite to any evidence that he wishes the Court to consider in opposition. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). Coles's complete failure to present any evidence to counter Defendants' Motion for Summary Judgment permits the Court to rely solely on Defendants' submissions in deciding the Motions for Summary Judgment. *See Forsyth*, 19 F.3d at 1537; Fed. R. Civ. P. 56(c)(3) ("The Court need only consider the cited materials . . . .").

In light of the foregoing principles and submissions, the following facts are established for the purposes of the Motions for Summary Judgment. All permissible inferences are drawn in favor of Coles.

## II. Relevant Facts

### A. Grievance Procedure at the Virginia Department of Corrections

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (ECF No. 35-1 ¶ 4.) Offenders receive an orientation to the grievance procedure system when they arrive at a VDOC facility. (Operating Procedure § 866.1.IV.A.4.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at

the institution to secure institutional services or resolve complaints. (*Id.* § 866.1.V.A.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.A.1–2.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original *Regular Grievance* (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint or other documentation demonstrating their attempt to informally resolve the issue. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the *Informal Complaint* was logged without the offender receiving a response, the offender may submit a *Grievance* on the issue and attach the *Informal Complaint* receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.A.3.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which

is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

### B. Facts Giving Rise to Coles's Claims and Coles's Efforts at Exhaustion with Respect to His Present Claims

On March 26, 2019, Coles was in his cell and had been masturbating and exposing his penis. (Compl. ¶¶ 4–5.) Defendant Darden arrived at Coles's cell and told Coles he was going to be placed in chains and moved because he had "disrupted the orderly operations of the facility." (*Id.* ¶ 5.) Coles refused to "cuff up." (*Id.*) Thereafter, Coles was sprayed with O.C. gas, taken to the ground and restrained. (*Id.* ¶ 7.) Coles then was extracted from his cell and placed in a hot shower. (*Id.* ¶ 8.) Thereafter, he was placed in a segregation cell, in restraints, for over twenty hours. (*Id.* ¶ 9.)

On March 29, 2019, Coles submitted an informal complaint about the events described above. (ECF No. 35-1 at 24.) On April 1, 2019, Defendant Foster responded to the informal complaint stating, *inter alia*, "You refused to present yourself to be cuffed. You were sprayed w/O.C. & removed from the cell & placed in the shower then placed in a different cell." (*Id.*)

On April 8, 2019, Coles submitted a regular grievance regarding his March 26, 2019 cell extraction. (*Id.* at 23.) On April 15, 2019, Warden Cabell responded to Coles's grievance and determined that there was no violation of prison policy and that Coles's grievance was unfounded. (*Id.* at 21.) The grievance informed Coles that if he was

dissatisfied with the above response, he could appeal to the Regional Administrator within five calendar days. (*Id.*) Coles failed to file any appeal to the Regional Administrator. (*Id.* at 5–6.) Furthermore, Coles failed to file any grievances or complaints that "former Grievance Coordinator Critton held on to grievance responses in order to limit or deny [Coles] access to the Grievance procedure." (*Id.* at 6.)

### III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits." *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

With respect to his present claims, Coles failed to file a regular grievance and pursue an appeal through all available levels of appeal. The record therefore establishes that Coles failed to comply with 42 U.S.C. § 1997e(a) and his claims are not properly exhausted.[3] Accordingly, the Motions for Summary Judgment (ECF Nos. 25, 34) will be granted.

Although the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice, *see, e.g., Booth*, 532 U.S. at 735, dismissal with prejudice may be appropriate "where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004); *see Van Houten v. Marlett*, 330 F. App'x 161, 162–63 (10th Cir. 2009). That is the case here because the thirty-day time limit for filing any relevant grievance has long since expired. Consequently, Claim 2 against Defendant Critton will be dismissed with prejudice and Claim 1 against Defendants Darden and Foster will be dismissed with prejudice.

All that remains of the action is Claim 1 against Defendant Bently, who has appeared *pro se* in the present action. For the reasons stated above it is apparent that

---

[3] "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citations omitted). Coles fails to submit admissible evidence demonstrating that he was prevented from utilizing the grievance procedure.

8

Claim 1 against Defendant Bently is subject to dismissal because Coles failed to exhaust his administrative remedies with respect to Claim 1. "After giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). Given the current state of the record, within twenty (20) days of the date of entry hereof, Coles is directed to show good cause why the Court should not grant summary judgment as to Defendant Bently and dismiss Claim 1 for Defendant's failure to exhaust his administrative remedies for Claim 1.[4]

## IV. Conclusion

The Motions for Summary Judgment (ECF Nos. 25, 34) will be granted. Claim 1 against Defendants Darden and Foster will be dismissed with prejudice. Claim 2 will be dismissed with prejudice. Coles will be directed to show cause within twenty (20) days of the date of entry hereof why Claim 1 against Defendant Bently should not be dismissed for failing to exhaust his administrative remedies.

---

[4] Coles is advised that he is entitled to file a response that includes counter-affidavits, statements, exhibits, or other legal or factual material that supports his position in the case. An affidavit is a sworn statement of facts made on personal knowledge, and affidavits may be submitted by Coles or any other witnesses. There are two alternative ways to submit an affidavit to the Court, one of which must be followed. One way is for the person making the affidavit to sign the affidavit and swear to the truth of its contents before a notary public. The other way, which does not require a notary public, is for the person making the affidavit to sign the affidavit and certify that he or she signs under penalty of perjury and understands that he or she may be prosecuted if the facts he or she sets forth are untrue. Coles may also file a legal brief.

An appropriate Order shall accompany this Memorandum Opinion.

                                                    /s/

Date: **Dec. 20, 2021**       Henry E. Hudson  
Richmond, Virginia          Senior United States District Judge

10